FREDERICK D. BREITHACK, Doing Business under the Firm Name and Style of BREITHACK & COMPANY, Respondent, v. SADIE RABINOWE, Appellant.— Judgment of the City Court of Yonkers unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ.

EMELIA CHRISTY, Appellant, v. J. LOUIS AMENO, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

GEORGE C. DAGHER, Respondent, v. LOUIS L. SCHWARTZ & Co., INC., Appellant.— The order granting plaintiff's motion for partial summary judgment, and the judgment entered thereon, are reversed on the law and the facts, with costs, and the motion is denied, with ten dollars costs. We think that the pleadings, and the testimony of the defendant, given by its president on the examination before trial, disclose a sharp issue of fact as to whether plaintiff's commissions were to be payable upon the gross amount of the sales made by him, or the net amount of the proceeds of the sales received by defendant. This issue is a substantial one, and should be disposed of on a trial of the action on its merits. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

LOUISA D'AURIO and Another, as Administrators, etc., of NICHOLAS D'AURIO, Deceased, Respondents, v. LONG ISLAND RAILROAD COMPANY, Defendant, and THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. We agree with the views expressed by the trial judge in denying the motion of the appealing defendant to dismiss the complaint, and also to set aside the verdict, wherein he states that " the negligence of that defendant is not very clearly shown, but it cannot be said that the finding is without support in the proof." The evidence shows that the appellant railroad company at the time of the accident was running its train backward at a rapid rate of speed, on a foggy morning, in a railroad cut crossed by bridges; that at the time of the accident a long freight train was rushing by on the opposite track, and that there was steam, in addition to the fog, obscuring the track at the time. This being the situation, we think it became a jury question as to whether the appealing defendant operated its train, thus running backward, in a reasonably safe and prudent manner, so as to protect track walkers who might reasonably be expected to be working on the track. The engineer admitted that he could not see more than ten feet in front of him, and gave as a reason that he was running backward, and that a large tank, attached to the engine, was so placed that it obstructed his view. His fireman testified that when they first saw the deceased track walker the train was almost on top of him, and that he " hollered " to the engineer to stop the train; yet the proof shows that the train ran for two hundred feet after killing the man. It was also shown that this was not a regular passenger train, but was what is called a " wild-cat " engine, running without any schedule. Under these circumstances it was a jury question as to whether the appellant railroad company did or did not take proper precautions to protect men who the railroad company knew, or should have known, would be likely to be working upon the track. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.